IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARGELIS MELENCIANO DE LOS SANTOS<br><br>Defendant. | CASE NO. 3:21-cr-00063-TMB-MMS<br><br><br>**FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |
| --- | --- |

| Guilty Plea to Charge(s) | | |
| --- | --- | --- |
| 21:846 - ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE | | |
| Count(s)<br>1 | Lesser Included Offense:<br>◉No<br>◯Yes: of count | Admit Forfeiture:<br><br>1 |
| Charging Instrument:<br>Indictment | Docket Number<br>2 | |
| Plea Agreement:<br>Yes | Docket Number<br>89 | |

Upon Defendant's request to enter a guilty plea, pursuant to Rule 11 of the Federal Rules of

Criminal Procedure, to Count(s)      1          of the Indictment                Dkt  2      , this

matter was referred to the Magistrate Judge by the District Court with the written

and verbal consents of Defendant, counsel for Defendant, and counsel for the United States.

Thereafter, the matter came before this Court for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, in open court and on the record.

In consideration of that hearing and the colloquy made by the Defendant under oath, on the record, in the presence of counsel, and the remarks of the Assistant United States Attorney,

**A.    I make the following FINDNGS – that the Defendant understands:**

☑ That any false statements made by the Defendant under oath may

later be used against him  in a prosecution for perjury;

☑ The right to persist in a plea of not-guilty;

☑ The potential for deportation or denial of re-entry;

☑ The nature of the charges against the Defendant;

☑ The loss of certain federal benefits;

☑ The maximum possible sentence, including imprisonment, fine, supervised release, and any applicable mandatory minimum sentence;

☑ The Court's authority to order restitution;

☑ The mandatory special assessment;

Final R&R re Plea of Guilty
Page 2
Case 3:21-cr-00063-TMB-MMS  Document 171  Filed 10/05/23  Page 2 of 6

☑ Any applicable forfeiture;

☑ The right to a speedy and public trial by jury;

☑ The right to be represented by counsel and, if necessary, to have the court appoint counsel at trial, and at every other stage of the proceedings;

☑ The right to: confront and cross-examine adverse witnesses, to remain silent, to testify and present evidence, and to compel the attendance of witnesses;

☑ That a plea of guilty operates as a waiver of trial rights;

☑ That the Defendant knowingly, intelligently, and voluntarily waives all right to appeal or collaterally attack (except on the grounds of ineffective assistance of counsel and the voluntariness of her plea); and

☑ That in determining a sentence, the court's obligation to calculate the applicable sentencing guideline range pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range, as well as departures under the Sentencing Guidelines, and variances under 18 U.S.C. §3553(a).

**B.     I further FIND that:**

1. The Defendant is competent to enter an informed plea;

2. The Defendant is aware of his   rights and has had the advice of legal counsel;

3. That the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force, threats, or coercion;

4. ☑ Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement or on the record; and

   ☐ No plea agreement, this is an open plea;

5. That there is a factual basis for the Defendant's plea.

Final R&R re Plea of Guilty
Page 3

**C. I RECOMMEND** that the District Court accept the Defendant's plea of
guilty to Count(s)     1            of the     Indictment

☑ **I FURTHER RECOMMEND** the District Court accept the Defendant's
admission to Criminal Forfeiture Allegation(s) 1

This change of plea presents an unusual procedural posture, and merits additional comments by this Court in its report and recommendation. The defendant first appeared before this Court on September 13, 2021. Dkt. 31. Since then, he has appeared before this Court on numerous occasions. Insofar as a judge can be said to have a rapport with a defendant, this Court and the defendant do indeed have a rapport.

A Notice of Intent to Change Plea was first filed on October 12, 2022. Dkt. 86. After two continuances by the defendant, a Proposed Change of Plea hearing was held on March 10, 2023. Dkt. 93, 96, 101. The Court terminated the hearing when it became clear that the defendant needed additional time to confer with his attorney and there were concerns regarding the voluntariness of his plea.

Eventually, a further hearing on Proposed Change of Plea was set for August 11, 2023. Dkt 124. This was again continued at the defendant's request to September 8, 2023. Dkt. 129. On September 8, 2023, this Court again attempted a plea colloquy with the defendant. This colloquy was terminated when the defendant was unwilling or unable to admit the accuracy of the factual basis for his guilty plea. Dkt 131. The hearing was continued to September 15, 2023. *Id*.

An errata which modified the factual basis, and a third Notice of Intent to Change Plea were filed. Dkt 134, 135. A hearing on a Proposed Change of Plea was set for September 19, 2023. Dkt 138. At the September 19 hearing, once again, the Court terminated the hearing when there appeared to be concerns regarding the voluntariness of the defendant's plea. Dkt. 140.

On September 22, 2023, this Court again received notice of the defendant's intent to change his plea. Dkt. 164. This Court again conducted a plea colloquy with the defendant and ultimately found that the defendant was competent to plead, and did so knowingly and voluntarily. Dkt. 167.

It is worth noting that for each iteration of the defendant's several attempts to plea guilty, the Court began anew, as if that hearing were the first time the defendant had endeavored to plea guilty. As a result, this Court has reviewed such things as

Final R&R re Plea of Guilty
Page 4
Case 3:21-cr-00063-TMB-MMS   Document 171   Filed 10/05/23   Page 4 of 6

the defendant's competency, the elements of the offense, the potential penalties, the defendant's rights, and the consequences of pleading guilty on several occasions. Insofar as one can ever be sure of the mental processes of another person, this Court is sure that the defendant understands everything about the agreement he has entered with the government.

The hearing that ultimately resulted in the defendant pleading guilty was lengthy, roughly 1.5 hours. Dkt. 167. This is roughly three times the duration of a typical Change of Plea hearing. During that time this Court had the opportunity to not only listen to the defendant's answer, but to observe his demeanor, a demeanor the Court has come to know over the last two years of seeing the defendant in court. Neither the defendant's verbal responses, nor his non-verbal behavior, gave this Court concerns about the propriety of his plea.

In summary, on several occasions, this Court has sua sponte ended a change of plea colloquy with this defendant because of concerns about the knowing or voluntary nature of his plea. At the final iteration of his guilty plea, the Court conducted a painstaking, detailed colloquy, intended to ensure that any possible doubt that the defendant's plea was knowingly and voluntarily made was eliminated. Therefore, it is with the highest confidence that this Court recommends that the defendant's guilty plea be accepted.

**D. IT IS ORDERED:**

That a Presentence Report be prepared by the U.S. Probation Office.

1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report (Fed. R. Crim. P. 32(f)(1));

2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing (D.Ak. L.Cr.R. 32.1(d)).

The Sentencing hearing will be before the United States District Judge. The court excludes time from    September 22, 2023    until the time of sentencing pursuant to

18 U.S.C. §3161(h)(1)(G) on the grounds that the District Judge will be considering the proposed plea agreement.

DATED this 22nd day of September, 2023, at Anchorage, Alaska.

_____
Matthew M. Scoble
Chief United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **seven (7) days** from the date of service of this Report and Recommendation. **The shortened objection deadline is due to the request of the District Court Judge. Fed. R. Crim P. 59(b)(2) and D. Ak. L.M.R. 6(a) authorizes the court to alter the standard objection deadlines.**

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Final R&R re Plea of Guilty
Page 6
Case 3:21-cr-00063-TMB-MMS   Document 171   Filed 10/05/23   Page 6 of 6