**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States of America v. Argelis Melenciano De Los Santos*
Case No. 3:21-cr-00063-TMB-MMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Argelis Melenciano De Los Santos's ("De Los Santos") *Pro Se* Motion for Adjustment of Sentence (the "Motion").[1] De Los Santos argues he is eligible for a sentence reduction under U.S. Sentencing Guideline ("U.S.S.G.") Amendment 821 and U.S.S.G. § 4C1.1.[2] The United States (the "Government") opposes the Motion.[3] The United States Probation and Pretrial Services ("USPO") advises that De Los Santos is ineligible for a sentence reduction.[4] This matter is ripe for resolution. For the following reasons, the Court **DENIES** the Motion.

### A. Background

On October 24, 2023, pursuant to a plea agreement, De Los Santos pleaded guilty to Attempted Possession of Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count 1).[5] On February 26, 2024, De Los Santos was sentenced to 60 months of imprisonment followed by four years of supervised release.[6] His projected release date is October 27, 2027.[7]

In his Motion, De Los Santos "moves the Court for a two-level sentence offense level reduction based on Amendment 821's retroactive zero point offender provision" because he alleges he "was a zero-point offender at sentencing and he does not trigger any of the disqualifying factors listed in U.S.S.G. § 4C1.1."[8] He asserts that "[f]or example, he did not possess a firearm in connection with his offense."[9] Therefore, he argues that "the Court should reduce [his] sentence to time served or by such other amount as the Court deems just and equitable."[10]

---

[1] Dkt. 192 (*Pro Se* Motion for Adjustment of Sentence). His counsel filed a notice that no amended motion would be filed. Dkt. 196 (Notice of No Amended Motion).
[2] Dkt. 192 at 1.
[3] Dkt. 194 (Government Response in Opposition).
[4] Dkt. 195 (Sealed USPO Memorandum).
[5] Dkt. 172 (Text Order); Dkts. 89 (Plea Agreement), 134 (Plea Agreement Errata).
[6] Dkt. 190 (Judgment) at 2–3.
[7] Dkt. 112 at 4; *see* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[8] Dkt. 192 at 1.
[9] *Id.*
[10] *Id.*

Opposing, the Government argues that "De Los Santos is ineligible for a sentence reduction via retroactive application of § 4C1.1 because he does not meet the required criteria."[11] The Government notes that "the Court previously found that De Los Santos had two criminal history points . . . and that he possessed two firearms in connection with the underlying drug trafficking crime."[12] Therefore, the Government argues, he is ineligible for a sentence reduction under Amendment 821 because he is neither a zero-point offender, nor does he qualify for any zero-point offender reduction because he possessed firearms in connection with the underlying offense.[13]

USPO also advises that De Los Santos is ineligible for a sentence reduction under Amendment 821.[14] First, it notes that because he received criminal history points, he is not a zero-point offender.[15] Second, according to the presentence report, it notes that he possessed firearms in connection with the instant offense.[16] Therefore, USPO advises that De Los Santos is ineligible for a sentence reduction.[17]

### B. Legal Standard

U.S.S.G. § 4C1.1 (added pursuant to Amendment 821, Parts A and B, subpart 1) provides for a two-level reduction in a defendant's total offense level if the defendant is a zero-point offender and "meets [certain] criteria."[18]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[19] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[20] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[21] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized

---

[11] Dkt. 194 at 1.
[12] *Id.* at 3–4.
[13] *Id.* at 4.
[14] Dkt. 612 at 4.
[15] *Id.* at 1, 4.
[16] *Id.*
[17] *Id.* at 4.
[18] U.S.S.G. § 4C1.1(a).
[19] U.S.S.G. §§ 1B1.10(a)(1), (d).
[20] 18 U.S.C. § 3582(c)(2).
[21] U.S.S.G. § 1B1.10(b)(2)(A).

by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[22]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[23]

## C. Discussion

The Court finds that De Los Santos is ineligible for a sentence reduction under Amendment 821 because he was assessed to have criminal history points and because he possessed firearms in connection with the underlying offense, either of which would be sufficient to render him ineligible.

First, De Los Santos does not qualify as a "zero-point offender" because he was assessed to have criminal history points at sentencing. USPO determined that he had two criminal history points based on multiple State offenses occurring in 2018, establishing a Criminal History Category of II.[24] Therefore, he is ineligible for a reduction on this basis.

Second, even if he did qualify as a "zero-point offender," De Los Santos "possess[ed] . . . a firearm . . . in connection with the offense," which would disqualify him for the zero-point offender adjustment under U.S.S.G. § 4C1.1(a)(1) and (7).[25] Therefore, even if he had zero criminal history points, he would remain ineligible for the two-level adjustment under Amendment 821 and his offense level and guideline range would remain the same if he were sentenced today.

As De Los Santos has not demonstrated a basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Docket 192 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 12, 2024.

---

[22] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[23] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.
[24] Dkt. 189 (Sealed Revised Final Presentence Report) at 13.
[25] U.S.S.G. § 4C1.1(a)(7) (providing that the court may "decrease the offense level determined under Chapters Two and Three by 2 levels" only "[i]f the defendant . . . did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.").